UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHIRLEY GUZMAN-REINA, on behalf of herself,
individually, and on behalf of all others similarly-situated,

                                                                           **COMPLAINT**

                         Plaintiff,                    **Docket No.:**

            -against-                  Jury Trial Demanded

ABCO MAINTENANCE, INC, and JAMES VIRGA,
individually, THOMAS VIRGA, individually,
and PETE GHAZARIAN, individually,

                         Defendants.
-------------------------------------------------------------------X

      Plaintiff, SHIRLEY GUZMAN-REINA ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against ABCO MAINTENANCE, INC. ("ABCO"), and JAMES VIRGA ("James Virga"), individually, THOMAS VIRGA ("Thomas Virga"), individually, and PETE GHAZARIAN ("Ghazarian"), individually, (all, collectively, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

      1.    This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (iv) the

1

NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a full service commercial maintenance company that provides general construction, repairs, and scheduled maintenance for its clients, as well as that company's Chief Executive Officer, President, and Plaintiff's direct supervisor - - as a dispatcher from September 23, 2013 through May 2, 2016. As described below, from in or around February 2014 until the end of her employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and NYLL, in that Defendants required Plaintiff to routinely work more than forty hours per workweek, but, on most occasions, intentionally failed to compensate her at any rate of pay, much less at the rate of time and one-half her straight-time rate, for each hour that she worked per week in excess of forty, and on other occasions simply paid her straight-time for some hours worked over forty.

3. Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday or with an accurate wage notice at the time of hire, as the NYLL requires.

4. Defendants paid and treated all of their dispatchers in the same manner.

5. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings her claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York Law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

9. At all relevant times, Defendant ABCO was and is a New York corporation with its principal place of business located at 834 Morrow Street, Staten Island, New York 10303.

10. At all relevant times, Defendant James Virga was and is the Chief Executive Officer of Defendant ABCO, while Defendant Thomas Virga was and is ABCO's President. Defendants James and Thomas Virga personally managed and oversaw the day-to-day operations of ABCO and were ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendants James and Thomas Virga had the power to hire and fire and approve all personnel decisions with respect to Defendant ABCO's employees.

11. At all relevant times, Defendant Ghazarian was Plaintiff's direct supervisor. Defendant Ghazarian, on a day-to-day basis, directly supervised all of Defendants' dispatchers, and had significant input into determining dispatchers' hours worked, including for Plaintiff.

Furthermore, Defendant Ghazarian personally recommended to Defendants James and Thomas Virga the hiring and firing of dispatchers, and personally fired Plaintiff.

12. At all relevant times, Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant ABCO's qualifying annual business exceeded and exceeds $500,000, and ABCO is engaged in interstate commerce within the meaning of the FLSA, as it services clients and sends employees to perform work in multiple states, including New York, New Jersey, Connecticut, and Pennsylvania, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise. Furthermore, Defendants' employees, including Plaintiff and FLSA Plaintiffs, were individually engaged in interstate commerce, as they all, on nearly a daily basis, communicated and coordinated with Defendants' employees performing work in multiple states. This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as dispatchers, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar

4

manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15.     At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

16.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

17.     On September 23, 2013, Plaintiff commenced her employment with Defendants as a dispatcher.

18.     As a dispatcher, Plaintiff's main duties consisted of communicating and coordinating with Defendants' laborers about daily tasks that had to be completed for Defendants' clients.

19.     Throughout her employment, Defendants required Plaintiff to work five shifts per week, starting her workday at approximately 10:00 p.m. and ending at between approximately 7:00 a.m. and 8:00 a.m. the following morning, while rarely providing her with an uninterrupted break during her shift.  Thus, by approximation, throughout her employment, Defendants required Plaintiff to work, and Plaintiff did routinely work, between forty-five and fifty hours per week.

20.     Plaintiff's straight-time rate of pay throughout her employment was $16.50 per hour.

21. In or around February 2014, Defendant Ghazarian informed Plaintiff that from that date onward, he would not authorize compensation at any rate for any hours that she worked per week over forty. Although her schedule and work assignments remained constant from this date onward, and Defendant Ghazarian was aware that Plaintiff routinely worked more than forty hours per week, Defendants failed to properly pay Plaintiff for all of the hours that she worked, and instead intentionally paid her based on inaccurately-kept time records designed to obscure the total number of hours that Plaintiff worked per week.

22. By way of example, during the week of June 3, 2015 through June 9, 2015, Defendants required Plaintiff to work, and Plaintiff did work, five shifts, from 10:00 p.m. until 8:00 a.m., for a total of fifty hours.

23. As a second example, during the week of November 4, 2015 through November 10, 2015, Defendants required Plaintiff to work, and Plaintiff did work, five shifts, from 10:00 p.m. until 7:00 a.m., for a total of forty-five hours.

24. In each of the weeks described in the two paragraphs above, Defendants failed to properly pay Plaintiff for all of the hours that she worked per week over forty at the rate of time and one-half Plaintiff's straight-time rate.

25. Alternatively, on occasion, Defendants paid Plaintiff during some weeks for some hours that she worked over forty at her overtime rate and others at her straight-time rate of $16.50 per hour.

26. By way of example, during the week of December 30, 2015 through January 5, 2016, Plaintiff worked 50.07 hours. For her hours worked over forty that week, Defendants paid her for 2.07 hours at the applicable overtime rate, and paid her for 8 hours at straight time.

6

27. Even with their policy in place to not pay for all overtime hours worked, Defendants were well aware that Plaintiff continued to work overtime each week or nearly each week. This is evidenced in an email that Defendant Ghazarian sent to Plaintiff on February 12, 2016, which stated that: "[a]s previously been advised any overtime that is not approved will not be paid. Your shift hours are 10pm to 6:30 am, I see you have been punching out past 7:00am. This is not approved and will not be paid. I appreciate your cooperation in this matter."

28. Defendants paid Plaintiff on a weekly basis.

29. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked for that week or an accurate listing of her hours worked to be paid at her overtime or straight-time rate of pay.

30. Additionally, Defendants did not provide Plaintiff with a wage notice at the time of her hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by the employer.

31. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

32. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

33. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

34. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate of not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

7

36. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

37. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

38. Defendants willfully violated the FLSA.

39. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

40. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and costs and disbursements in this action for Defendants' violation of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

41. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

43. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCCRR.

44. As also described above, Plaintiff, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

45. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

46. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, attorneys' fees, and costs and disbursements in this action for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

47. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

49. As described above, Defendants failed to furnish Plaintiff, and any FLSA Plaintiff who opts-in to this action, with accurate wage statements on each payday containing the criteria required by the NYLL.

50. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

51.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

52.     Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.     NYLL § 195(1) requires that employers provide employees with wage notices containing accurate, specifically enumerated criteria within ten business days from the time of hire.

54.     As described above, Defendants failed to furnish Plaintiff, and any FLSA Plaintiff who opts-in to this action, with accurate wage notices at hire containing the criteria required under the NYLL.

55.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $50 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.

56.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or any FLSA Plaintiff for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL and as consistent with law;

g. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and a service payment to Plaintiff;

h. Designation of Plaintiff and her counsel as collective action representatives under the FLSA;

i. Pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
March 7, 2017

Respectfully submitted,
BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. (212) 679-5000
Fax. (212) 679-5005

By: _____
JEFFREY R. MAGUIRE (JM 4821)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)