**GRIFFIN HAMERSKY LLP**
420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone: (646) 998-5580
Facsimile: (646) 998-8284
Michael D. Hamersky
Scott A. Griffin
Ivy B. Grey

Counsel for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
**SHIRLEY GUZMAN-REINA,** on behalf of                           :
herself, individually, and on behalf of all others               :   **DEFENDANTS' JOINT REPLY IN**
similarly-situated,                                              :   **SUPPORT OF MOTION TO DISMISS**
                                                                 :   **COMPLAINT**
    Plaintiff,                                                   :
                                                                 :   Case No.
            -against-                                            :   1:17-CV-01299
                                                                 :
**ABCO MAINTENANCE, INC.** and **JAMES**                         :
**VIRGA,** individually, **THOMAS VIRGA,**                       :
individually, and **PETE GHAZARIAN,**                            :
individually,                                                    :
                                                                 :
    Defendants.                                                  :
-----------------------------------------------------------------X

**DEFENDANTS' JOINT REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

i

**Table of Contents**

**I.     Preliminary Statement** ...................................................................................................1

**II.     Argument**................................................................................................................................2

    A.   This Court May Consider the Attached Documentary Evidence as Part of the Motion to Dismiss. ...................................................................................................................................2

    B.   Plaintiff Fails to Adequately Plead Factual Allegations in Support of Her Assertions.......5

    C.   Plaintiff has pleaded no facts entitled to a presumption of truth. ........................................8

    D.   It Is Appropriate to Dismiss This Case at This Time with Prejudice. ...............................10

**Table of Authorities**

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)....................................................................................8

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)..................................................3

*City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998)...................10

*Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009)....................................................................9

*Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460 (E.D.N.Y. 2015).......................................2

*Davis v. NYC Dep't of Educ.*, No. 10–CV–3812, 2012 WL 139255, at *3 (E.D.N.Y. Jan. 18, 2012)..................................................................................................................................3

*Giugliano v. FS2 Capital Partners, LLC*, No. 14-CV-7240 ADS GRB, 2015 WL 5124796, at *7 (E.D.N.Y. Sept. 1, 2015) ...............................................................................................2

Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir.1995) .....................4

*Jones v. SCO Family of Servs.*, 202 F. Supp. 3d 345, 351 (S.D.N.Y. 2016)...................................9

*Litras v. PVM Int'l Corp.*, No. 11-CV-5695 JFB AKT, 2013 WL 4118482, at *4 (E.D.N.Y. Aug. 15, 2013)..................................................................................................................................2

*Luna v. N. Babylon Teacher's Org.*, 11 F. Supp. 3d 396, 401 (E.D.N.Y. 2014) .............................3

*Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)...................8

*Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001) ...............................................................5

*Nakahata v New York-Presbyt. Healthcare Sys., Inc.*, 723 F3d 192, 197 (2d Cir 2013) ................8

*Perez v. Cty. of Westchester*, No. 96 Civ. 9487, 1997 WL 256932, at *1 (S.D.N.Y. May 16, 1997)) ..................................................................................................................................9

*Policemen's Annuity & Benefit Fund of City of Chicago v. Bank of Am.*, NA, 907 F. Supp. 2d 536, 550 (S.D.N.Y. 2012).....................................................................................................5

*Rivoli v. Gannett Co.*, 327 F. Supp. 2d 233, 239 (W.D.N.Y. 2004)..............................................10

*Walker v. The Interfaith Nutrition Network, Inc.*, No. 14 CV 5419 DRH GRB, 2015 WL 4276174, at *4 (E.D.N.Y. July 14, 2015)..........................................................................9

*Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 185 (M.D. Pa. 2008) .................................. 10

*Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) ......................................... 10

**DEFENDANTS' JOINT REPLY IN SUPPORT OF**
**MOTION TO DISMISS COMPLAINT**

TO THE HONORABLE I. LEO GLASSER,
UNITED STATES DISTRICT JUDGE:

Defendants ABCO Maintenance, Inc., and James Virga, individually, Thomas Virga, individually, and Pete Ghazarian, individually (collectively, the "Defendants"), by their attorneys, Griffin Hamersky LLP, for their Reply (the "Reply") to *Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint* (the "Opposition") herein respectfully show and allege to this Court:

### I.   Preliminary Statement

1. A key issue here is whether this Court may consider the documentary evidence attached to the Motion to Dismiss. If this Court may consider the evidence, then the Complaint should be dismissed because the only arguably well-pleaded facts are explicitly negated by the evidence. All remaining allegations are vague assertions and conclusions not based in fact, that are not entitled to a presumption of truth.

2. Plaintiff's only argument against considering the documentary evidence is that she did not attach it to her Complaint or rely upon on it when drafting her Complaint. However, probative evidence may not be disregarded simply because Plaintiff did not attach it or because she claims that she did not rely on it. When a Complaint refers to facts that can only be found in the documents at issue, that documentary evidence is admissible, even at this early stage, and clearly probative. Surely, a plaintiff cannot avoid a motion to dismiss by strategically not attaching the controlling documents because they contradict her unsubstantiated allegations. Moreover, Plaintiff should not be able to escape bad facts by submitting a wholly unsupported

1

Complaint, not attaching any documents, and then arguing that this Court may not consider such obviously relevant, relied-upon, and probative documents when determining the Motion to Dismiss.

3. Further, while a plaintiff's asserted facts are usually entitled to a reasonable inference resolved in plaintiff's favor, such an inference would be unreasonable here based upon the attached evidence. The only facts that Plaintiff includes in her Complaint are refuted by unambiguous evidence that was in Plaintiff's knowledge and possession and that this Court may properly consider at this stage. The remaining allegations are merely threadbare recitations that paraphrase FLSA and NYLL. Therefore, Plaintiff has pleaded no facts that are entitled to the presumption of truth and the Complaint must be dismissed in its entirety.

## II.     Argument

### A.     This Court May Consider the Attached Documentary Evidence as Part of the Motion to Dismiss.

4. For a court to properly consider documentary evidence, it should be available to Plaintiff or she must have relied on it to formulate her Complaint. *See Litras v. PVM Int'l Corp.*, No. 11-CV-5695 JFB AKT, 2013 WL 4118482, at *4 (E.D.N.Y. Aug. 15, 2013); *Giugliano v. FS2 Capital Partners, LLC*, No. 14-CV-7240 ADS GRB, 2015 WL 5124796, at *7 (E.D.N.Y. Sept. 1, 2015) (considering documentary evidence submitted by defendant that was referenced in plaintiff's complaint or that underlies the allegations in plaintiff's complaint). The evidence attached to the Motion to Dismiss meets this standard.

5. Plaintiff relies on *Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460 (E.D.N.Y. 2015), in an effort to keep this Court from considering the documentary evidence. But that case does not support her claims. Contrary to Plaintiff's arguments in her Opposition, *Copper* does not stand for the proposition that time records are never admissible. *See generally*

*id.* In *Copper*, the court found that the time records were not probative because plaintiff had specifically stated, in great detail in an attached affidavit, why the time records would not accurately show the hours worked. *Id. at 467.*

6. But *Copper* is easily distinguishable. Here, there are no detailed allegations undermining Defendants' facially-lawful timekeeping system. Without such allegations the documentary evidence attached to the Motion to Dismiss is admissible and probative.

7. Rather than accepting Plaintiff's misreading of *Copper* as a complete bar to this Court's ability to consider time records prior to conditional certification, this Court should read *Copper* as setting forth the minimum pleading requirements needed to adequately allege an unlawful scheme designed to undermine a facially-lawful time keeping policy such that time records kept by defendants are not probative. Plaintiff fails to meet the test. There are no affidavits or even fleshed out theories here. The lack of that factual support is important. Because Plaintiff has not provided any factually-supported reason to question the veracity of the time records, their highly probative value remains intact. As such, this Court may properly consider Defendants' documentary evidence in determining the Motion to Dismiss.

8. The appropriate inquiry is whether the attached documentary evidence is within the knowledge and possession of Plaintiff, and was relied upon and integral to the Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Here, Plaintiff's emails and self-entered time records are integral to her Complaint and may be properly considered, even if not incorporated by reference, because it is obvious that Plaintiff relied heavily upon the information in the documents to draft her Complaint. *See Luna v. N. Babylon Teacher's Org.*, 11 F. Supp. 3d 396, 401 (E.D.N.Y. 2014) (citing *Davis v. NYC Dep't of*

3

*Educ.*, No. 10–CV–3812, 2012 WL 139255, at *3 (E.D.N.Y. Jan. 18, 2012) and *Chambers*, 282 F.3d at 153). That Plaintiff did not actually attach the documents does not make them any less accurate or relevant.

9. When specific terms and information that may only be found in the documents at issue are alleged in the complaint, those documents are "integral" to the complaint and may be considered at the motion to dismiss stage. *See Chambers, id.* ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.") (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir.1995) (per curiam)).

10. Here, it is unreasonable and defies common sense to believe that Plaintiff did not rely on the documentary evidence when drafting the Complaint. The only numbers that Plaintiff uses in her Complaint are exactly the same numbers that ABCO has in its payroll records. Since these numbers are fractional values, it is highly unlikely that Plaintiff plucked those numbers from her memory, and it is even less likely that she happened to use the exact same numbers from her memory as ABCO has on record. Therefore, Plaintiff's reliance on the documentary evidence, even if not stated, may be implied. Further, Plaintiff had actual notice of all of the information submitted as documentary evidence because she *created* the evidence.

11. Because the documentary evidence was within Plaintiff's possession and knowledge, and it was relied upon in drafting the Complaint, this Court need not convert the Motion to Dismiss into a motion for summary judgment—this type of evidence presents no harmful surprise to Plaintiff. *See Chambers* 282 F.3d at 153 ("[W]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the

complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated."). Since the available evidence directly refutes the only facts that Plaintiff included in her Complaint, it would be unreasonable to infer from the Complaint that Plaintiff can properly state a compensable claim.

12. Here, the properly considered documents that Plaintiff must have relied upon to draft her Complaint negate her FLSA and NYLL claims as a matter of law. "[A] claim may be dismissed if allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law." *Policemen's Annuity & Benefit Fund of City of Chicago v. Bank of Am.*, NA, 907 F. Supp. 2d 536, 550 (S.D.N.Y. 2012) (quoting *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001)). Therefore the Complaint must be dismissed.

**B. Plaintiff Fails to Adequately Plead Factual Allegations in Support of Her Assertions.**

13. To state a claim for a FLSA violation, Plaintiff must show (1) existence of employer-employee relationship; (2) work that involves interstate activity; (3) more than 40 compensable hours worked in at least one single specific work week that were unpaid or undercompensated; (4) that employer knew that the hours were worked and they were not *de minimis*; and (5) that plaintiff can identify other "similarly situated" employees that exist who were subject to a common unlawful policy. The cases that Defendants cite regarding conditional certification show the depth and kind of facts necessary to adequately allege each required element in FLSA and NYLL cases.

14. At issue are whether (1) Plaintiff ever worked more than 40 hours in a single workweek that were unpaid; (2) if any uncompensated hours actually exist, whether Defendants knew of them and they were not *de minimis*; (3) Plaintiff and other employees were

5

subject to a common unlawful policy; and (4) Plaintiff could identify other "similarly situated" employees that exist. Plaintiff fails to adequately allege any facts entitled to a presumption of truth in support of any of these required elements.

15. In ¶¶ 22, 23, and 26 of the Complaint, Plaintiff attempts to allege that she worked more than 40 hours, some of which were uncompensated or undercompensated. Plaintiff seems to believe that these assertions, regardless of truth, meet the pleading requirements for an overtime claim under FLSA or NYLL. They do not. The statements in ¶¶ 22 and 23 are entirely conclusory, and should be disregarded as such. The statement in ¶ 26 requires an unreasonable assumption of truth, given the admissible and probative evidence clearly contradicting it. The remaining allegations, which Plaintiff does not address whatsoever in her Opposition, are that she had missed or interrupted breaks. The Complaint is devoid of any facts in support of these statements. The Opposition sheds no more light upon this factual deficit. Instead, Plaintiff rehashes her statements, hoping that this Court will treat any allegations as facts and asks the court to draw unreasonable inferences in her favor. But that is asking too much of this Court. The "factual" statements are threadbare, unsupported, or patently false and not entitled to a presumption of truth, and should be disregarded. Therefore, Plaintiff has failed to adequately allege the most essential part of an overtime claim: that there were uncompensated overtime hours worked.

16. In her Opposition, Plaintiff attempts to argue that Defendants knew of some overtime that was worked and failed to pay it. This assertion is nonsensical. The only way that Defendants could know that Plaintiff had worked any over time was if Plaintiff reported it. For all overtime that Plaintiff reported, Defendants compensated her, regardless of whether it was approved. The allegations in ¶¶ 22, 23, and 26 of the Complaint have been debunked and are

6

not entitled to any weight. Plaintiff makes no effort to explain what other time could possibly exist. Therefore, Plaintiff has failed to adequately allege knowledge.

17. In ¶ 21 of the Complaint, Plaintiff attempts to allege that Defendants kept inaccurate time records. However, Plaintiff never describes any theory for an unlawful scheme or policy that would be necessary to overcome a facially-lawful timekeeping system and a facially-lawful overtime preapproval policy. All that the email referenced in ¶¶ 21 and 27 of the Complaint shows is that Defendants had a preapproval policy for overtime. Plaintiff pleads no facts in her Complaint or explanations in her Opposition that would convert this statement regarding preapproval into an unlawful scheme. Attempting to re-cast the email reference to survive this Motion to Dismiss will not do. And even if allowed, Plaintiff must still describe how this email is part of a widespread policy that undermines the facially-lawful timekeeping system.

18. Because Defendants have facially complied with FLSA and NYLL, it is Plaintiff's burden to adequately allege why such compliance should be disregarded. To do so, Plaintiff's Complaint must include a detailed description of a scheme that could convert a facially-lawful timekeeping system and overtime preapproval policy into an unlawful one. Plaintiff does not describe such a scheme in her Complaint or in her Opposition.

19. Since the timekeeping system is adequate, Plaintiff cannot show that she ever worked more than 40 hours that were not properly compensated or that there was an unlawful policy. Therefore, the overtime claim fails and any claim for inaccurate wage statements fails.

20. A lawful timekeeping scheme thwarts the First, Second, and Third Claims. The First and Second Claims must fail because Defendants could not have notice of any overtime that Plaintiff worked if she did not record it. Similarly, the Third Claim must fail

because for actually-received wage statements to be disregarded, Plaintiff must show them to be false. To properly allege falsity, Plaintiff must adequately allege an unlawful scheme, but she does not.

21. Even if this court generously allows Plaintiff to continue on based on the vague and debunked assertions of overtime, Plaintiff could only proceed in her individual capacity because she has not adequately alleged that there were any similarly situated employees. Plaintiff fails to address this fatal deficiency in her Opposition.

C. **Plaintiff has pleaded no facts entitled to a presumption of truth.**

22. "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). To survive a motion to dismiss, a complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Nakahata v New York-Presbyt. Healthcare Sys., Inc.*, 723 F3d 192, 197 (2d Cir 2013) (quoting *Iqbal,* 556 U.S. at 678). "To be plausible, the complaint need not show a probability of plaintiff's success, but it must evidence more than a mere possibility of a right to relief." *Id*. "[A] 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013), (quoting *Iqbal,* 556 U.S. at 678).

23. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions []", thus "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Lundy,* 711 F.3d at 113 (citations omitted). Conclusory allegations are not just legal conclusions,

they are also factual assertions that require a court to draw conclusions such as the purpose or reasoning for taking certain actions. *See Iqbal,* 556 U.S. at 678. Both kinds of conclusory allegations are not entitled to be assumed true.

24. Plaintiff's pleadings are: (i) vague and disconnected; (ii) devoid of facts or well-reasoned theories; and (iii) require layers of attenuated inferences to be drawn in her favor to survive this Motion to Dismiss. Further, there is no stated basis for a reasonable inference that the Defendants performed some unlawful action. When a pleading requires unwarranted layers of attenuated inferences to construct a plaintiff's claim, it must fail. *See Walker v. The Interfaith Nutrition Network, Inc.,* No. 14 CV 5419 DRH GRB, 2015 WL 4276174, at *4 (E.D.N.Y. July 14, 2015) (finding that use of the term "routinely" to establish a FLSA claim was so attenuated that it could not lead to a reasonable inference).

25. In her Complaint, Plaintiff is necessarily asking this Court to accept her unfounded assertions that Defendant intentionally kept inaccurate time records. This assertion is merely a recitation of operative words. *See Jones v. SCO Family of Servs.,* 202 F. Supp. 3d 345, 351 (S.D.N.Y. 2016) (citing *Perez v. Cty. of Westchester,* No. 96 Civ. 9487, 1997 WL 256932, at *1 (S.D.N.Y. May 16, 1997)). It is this assertion that underlies all of her claims. Plaintiff paraphrases the statutes in alluding to the notion that the time records are not accurate, but Plaintiff never states a basis for her belief. She never describes a theory for why the facially-lawful timekeeping system should not be trusted. The assertion that the time records are unreliable does not make them so. Such threadbare allegations are not entitled to a presumption of truth and must be disregarded when determining a motion to dismiss.

26. Further, for a common sense review of the Complaint, it is relevant that Plaintiff was terminated for falsifying time records, which was captured on ABCO's video

9

surveillance. When litigation arises out of bitter and vindictive circumstances, courts may consider these facts in deciding what weight to give Plaintiff's assertions and whether inferences are warranted. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("[L]itigation, arising out of a bitter … fight and alleging, as it does, a vast, encompassing conspiracy; and before defendants in such a case become entangled in discovery proceedings, the plaintiff must meet a high standard of plausibility."). Thus, it is reasonable to question the veracity of Plaintiff's assertions and afford them little weight when the historical time records contradict her pleadings.

27. In short, Plaintiff has generally alleged, but not shown, misconduct, which is not enough. *See Walker*, 2015 WL 4276174, at *3 (dismissing the complaint because the facts, if viewed generously, only inferred the mere possibility of misconduct, but did not show it). This Court is not required to accept as true or draw any unwarranted inferences from the allegations in the Complaint. *See Rivoli v. Gannett Co.*, 327 F. Supp. 2d 233, 239 (W.D.N.Y. 2004) (citing *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998)); *see also Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). Because no inferences may be drawn in Plaintiff's favor, each claim must fail.

### D. It Is Appropriate to Dismiss This Case at This Time with Prejudice.

28. While courts have primarily focused on the remedial nature of FLSA, there are limits to its reach, as there are valid concerns of the harm that may be brought upon employers if left unchecked. *See Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 185 (M.D. Pa. 2008) (discussing concerns regarding meritless litigation). This case exceeds those limits. Plaintiff has no valid claims and no right to payment. Allowing her to continue would essentially revive the "unwholesome practice" of allowing an individual with no claims to come into court and trigger a "litigation tsunami" unjustifiably leading to the "financial ruin of many employers." *See id.*

29. Federal courts should not entertain such gamesmanship. Defendants with overwhelming evidence sufficient to shut down a threadbare and frivolous employment lawsuit, which is merely designed to extract nuisance settlement value from a former employer, should not be required to incur legal fees and waste resources defending against such baseless claims. To allow this case to proceed would set the dangerous precedent that any aggrieved employee with a meritless claim can create undue financial burden for its employer simply by alleging FLSA and NYLL violations, regardless of merit or evidence.

**Wherefore**, for the reasons set forth above, in the Motion to Dismiss, and the Memorandum of Law in Support thereof, Defendants respectfully request that the Motion to Dismiss be granted, and that this Court enter an order dismissing Plaintiff's Complaint in its entirety, and granting such other relief as is just and reasonable.

Dated: New York, New York
June 28, 2017

GRIFFIN HAMERSKY LLP

By: /s/ Michael D. Hamersky
Michael D. Hamersky
Ivy B. Grey
420 Lexington Ave, Suite 400
New York, New York 10170
Telephone: (646) 998-5580
Facsimile: (646) 998-5574

Counsel for Defendants