UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SHIRLEY GUZMAN-REINA, on behalf of
herself and all others similarly-situated,

                Plaintiff,                              MEMORANDUM AND ORDER
                                                             17-CV-1299

      - against -

ABCO MAINTENANCE, INC., JAMES
VIRGA, THOMAS VIRGA, and PETE
GHAZARIAN,
                Defendants.
-------------------------------------------------------x
GLASSER, Senior United States District Judge:

      Plaintiff Shirley Guzman-Reina ("Plaintiff"), a former dispatcher, brings this action on behalf of herself and others similarly-situated against ABCO Maintenance, Inc., ABCO's CEO James Virga, its President Thomas Virga, and Pete Ghazarian, who was Plaintiff's supervisor (collectively, "the Defendants") seeking payment of unpaid wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §207(a)(1) ("FLSA"), and New York labor law. Plaintiff also seeks other various forms of relief including liquidated damages, civil penalties, interest, costs, and attorneys' fees.

      Currently before the Court is the Defendants' motion to dismiss all claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Defendants' motion is hereby DENIED.

## BACKGROUND

      The following facts are taken from the Plaintiff's Complaint ("Complt.") and are accepted as true for purposes of this motion. From September 23, 2013 through May 2, 2016, Plaintiff worked as one of several dispatchers for the Defendants at ABCO Maintenance in Staten Island, New York. Complt. at ¶¶ 2, 9. As a dispatcher, Plaintiff was responsible for

1

communicating and coordinating with ABCO's laborers regarding their daily tasks. Id. at ¶18. Plaintiff typically worked five night-shifts per week, beginning at 10 p.m. and ending the following morning at either 7 or 8 a.m. Id. at ¶ 19.

Plaintiff alleges that the Defendants routinely required her to work more than forty hours per workweek and that she regularly worked "between forty-five and fifty hours per week" without additional compensation. Id. at ¶ 19, 21. Plaintiff further alleges that the Defendants generally refused to pay wages for more than 40 hours of work, as a deliberate policy, and that they obscured their time keeping records to minimize such payments. Id. at ¶ 21.

Plaintiff initiated this action on March 7, 2017, asserting FLSA and state law claims. (Dkt. 1). On May 8, 2017, the Defendants filed a joint motion to dismiss the Complaint and a memorandum of law in Support of their motion ("Def.'s MOL"). (Dkt. 16, 16-11). On June 6, 2017, Plaintiff filed her opposition to the Defendants' joint motion to dismiss, ("Pls.' MOL"). (Dkt. 21). On June 28, 2017, the Defendants filed their reply ("Reply"). (Dkt. 23).

## DISCUSSION

### I. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss pursuant to Rule 12(b)(6), the plaintiff's pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Although detailed factual allegations are not necessary, the pleading must include more than an "unadorned, the-defendant-unlawfully-harmed-me accusation;" mere legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertions" by the plaintiff will not suffice. Id. (internal quotations and citations omitted). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. Extrinsic Documents

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Serdarevic v. Centex Homes, LLC, 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quoting Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999)). If the Court considers "matters outside the pleadings," then "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); see Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002).

The Defendants attach numerous exhibits to their motion. Dkt. 16, Exs. A–I. The Court will not consider these extrinsic documents in deciding the Defendants' Rule 12(b)(6) motion. The Defendants' exhibits are internal communications, financial statements, and other documents that are neither appended to nor referenced in the Complaint, and are not the kinds of

facts that may be judicially noticed.  Fed. R. Evid. 201(b).  Moreover, Plaintiff may not have been aware of much of this information.  Since "lack of notice" is the primary "harm to the plaintiff when a court considers material extraneous to the complaint," the Court will not convert the Defendants' motion to one for summary judgment when Plaintiff has not yet had the benefit of discovery.  Chambers, 282 F.3d at 153-54.

In contrast, the February 12, 2016 email, included as an exhibit to the Declaration of Jeffrey R. Maguire, Esq., (Dkt. 22), may be properly considered in deciding this motion because it is referenced and relied upon in the Complaint.  See Complt. at ¶ 27; Dkt. 22-2.

### III.     FLSA and State Law Claims

"The FLSA was enacted to ensure that employees receive a 'fair day's pay for a fair day's work.'"  Gorman v. Consol. Edison Corp., 488 F.3d 586, 589 (2d Cir. 2007) (quoting Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 578 (1942)).  The FLSA requires employers to pay covered employees a minimum hourly wage, and "a premium or overtime wage of 'not less than one and one-half times the regular rate' for hours worked in excess of forty hours in a single work-week."  Jacobs v. New York Foundling Hosp., 577 F.3d 93, 96 (2d Cir. 2009) (quoting 29 U.S.C. § 207(a)(1)); 29 U.S.C. § 206(a).  While "[a]n employee who brings an action for unpaid wages bears the burden of proving that he has not been properly compensated," the burden can shift to the employer if it fails to maintain records of "'wages, hours, and other conditions and practices of employment.'"  Flick v. Am. Fin. Res., Inc., 907 F. Supp.2d 274, 2012 WL 5386157, at *3 (E.D.N.Y. Oct. 31, 2012) (quoting 29 U.S.C. § 211(c)).

New York employment law largely tracks the FLSA.  See N.Y. Labor Law § 652; N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 142-2.1 to -2.2.  The only relevant difference between federal and state employment law at this stage of the litigation is that New York "imposes a

4

longer statute of limitations for bringing claims." Jemine v. Dennis, 901 F. Supp.2d 365, 2012 WL 4482769, at *5 (E.D.N.Y. Sept. 28, 2012) (citing statutes).

The Defendants move to dismiss Plaintiff's claims against them, arguing that the Complaint insufficiently pleads a cause of action under the FLSA. Def.'s MOL. at 9-16; Reply at 6-7.

**1. Sufficiency of the Complaint**

The Defendants make numerous, repetitive, and confounding arguments as to why their motion to dismiss should be granted. They assert that the allegations in the Complaint are "threadbare," "lazy," "vague," and "conclusory," to name but a few of the adjectives embroidering their motion. Def.'s MOL at 2, 12, 15. The Defendants' argument, in essence, is that the Complaint fails to provide sufficient factual matter in support of their claim. Def.'s Mem. at 10-12; Def.'s Reply at 6.

The Defendants attacks on the sufficiency of the Complaint are unavailing. "Courts in this circuit do not require plaintiffs in [FLSA cases] to 'keep careful records and plead their hours with mathematical precision.'" Di Simone v. CN Plumbing, Inc., 2014 WL 1281728, at *4 (E.D.N.Y. Mar. 31, 2014) (quoting DeJesus v. HF Health Mgmt. Servs., LLC, 726 F.3d 85, 90 (2d Cir. 2013)). What is required, however, are allegations from which a court may "reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation." Bustillos v. Academy Bus, LLC, 2014 WL 116012, at *4 (S.D.N.Y. Apr. 28, 2014) (citing Lundy v. Catholic Health Sys. Of Long Island, Inc., 711 F.3d 106 (2d Cir. 2013)).

The Defendants point to *Lundy* in support of their argument that the complaint fails to sufficiently state a claim for relief under the FLSA. But that case is easily distinguished from

5

this one. In *Lundy*, the plaintiff claimed that her 30-minute meal breaks were "typically" missed or interrupted, that she worked uncompensated time before and after her shift that typically amounted to 15 minutes, and that certain trainings and staff meetings amounting to an additional 10 hours per year went uncompensated. Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 115 (2d Cir. 2013).

    Here, by contrast, Plaintiff alleges that she "routinely" worked forty-five to fifty hours per week and goes on to cite specific weeks in which she worked overtime that went uncompensated. Compl. at ¶ 19, 21. She isn't alleging that she merely missed a few meal breaks that amounted to a few hours per year but rather that she worked uncompensated time as a matter of course and for a period of several years. Specifically, she notes that during the week of June 3, 2015 through June 9, 2015, she "worked five shifts, from 10 p.m. to 8 a.m., for a total of fifty hours" and did not receive additional compensation. Compl. at ¶¶ 22, 24. She repeats similar allegations for the week of November 4, 2015 through November 10, 2015 during which she worked a total of forty-five hours without additional compensation. Id. at ¶¶ 23, 24.

    Plaintiff further alleges that on some occasions the Defendants would pay her at her overtime rate for some hours and "straight time" rate for other overtime hours worked. Specifically, Plaintiff alleges that during the week of December 30, 2015 through January 5, 2016, she worked 50.07 hours and that the Defendants "paid her for 2.07 hours at the applicable overtime rate, and paid her 8 hours at straight time." Id. at ¶¶ 25, 26.

    To further support the plausibility of her claims, Plaintiff references an email sent by one of the Defendants, dated February 12, 2016, in which the Defendant acknowledges that Plaintiff worked overtime but that such time was "not approved and will not be paid." Id. at ¶ 27.

6

Plaintiff alleges that the Defendants generally refused to pay for more than 40 hours of work, as a deliberate policy, and that they obscured their time keeping records to minimize such payments. Id. at ¶ 21. These allegations rebut the Defendants' contention that Plaintiff hasn't sufficiently set forth a claim that the Defendants failed to furnish her with *accurate* wage statements. Def.'s MOL at 7; see Copper v. Cavalry Staffing, LLC, 132 F. Supp. 3d 460, 469 (E.D.N.Y. 2015).

The Defendants seem to mistake the concept of evidence for the requisite factual allegations needed to overcome a motion to dismiss when they assert that Plaintiff hasn't attached affidavits, time records, or pay stubs to her Complaint. At the motion to dismiss stage, the question is whether the Complaint contains "sufficient factual matter" to "state a claim for relief that is plausible on its face," which this Complaint clearly does.

The Defendants make numerous allegations of falsity in an effort to rebut Plaintiff's version of the facts, and also level serious accusations against the Plaintiff that she "falsif[ied] time records" which was "captured on video" and for which her employment with the Defendants was terminated. Def.'s MOL at 24. Whether or not these allegations are true, a motion to dismiss is not the proper vehicle for them as the allegations in the Complaint are accepted as true for the purposes of deciding this motion.

**2. Collective Action Allegations**

The Defendants mistakenly argue that Plaintiff "utterly fails to plead *any* of the elements necessary for a class action pursuant to Fed. R. Civ. P. 23." Def.'s MOL at 22. Plaintiff has filed a putative collective action pursuant to 29 U.S.C. § 216(b). Courts have developed a two-stage process to implement the standard set forth in 29 U.S.C. § 216(b). Morales v. Plantworks, Inc., No. 05 Civ. 2349(DC), 2006 WL 278154, at *1 (S.D.N.Y. Feb.02, 2006). First, plaintiffs

7

may move to certify a collective action. Id. This preliminary certification allows notice to be sent to potential similarly situated plaintiffs inviting them to opt in to the collective action. Id. Second, after discovery is complete, defendants may move the court to decertify the collective action. Id.; see also Gortat v. Capala Bros., No. 07-CV-3629 (ILG), 2010 WL 1423018, at *9 (E.D.N.Y. Apr. 9, 2010), aff'd, 568 F. App'x 78 (2d Cir. 2014). Plaintiff has not yet moved to certify this putative collective action, and so the Defendants' arguments, which cite authority appropriate for challenging a motion to certify a collective action, are premature.

Even if this were the appropriate stage to challenge the sufficiency of Plaintiff's collective action allegations, the Complaint satisfies Plaintiff's burden. "To state an FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to Plaintiff." Smith v. Pizza Hut, Inc., No. 09–cv–01632, 2011 WL 2791331, at *5 (D.Colo. July 14, 2011). A plaintiff can carry that burden, at the notice stage, by presenting "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Id. (quoting Thiessen v. General Elec. Cap. Corp., 267 F.3d 1095, 1102 (10th Cir.2001), cert. denied, 536 U.S. 934, 122 S.Ct. 2614, 153 L.Ed.2d 799 (2002)); Peck v. Hillside Children's Ctr., 915 F. Supp. 2d 435, 438 (W.D.N.Y. 2013). The Complaint accomplishes that. Plaintiff has sufficiently alleged a policy to which other dispatchers may plausibly be subject. See Ex. A of Maguire Decl. (Dkt. 22).

The Defendants' arguments are more properly directed toward whether a collective action should be certified here, rather than whether Plaintiff's claims are facially sufficient, and would be better considered in that context. See Bogdon v. Newmont USA Ltd., No. 3:11-cv-00317, 2011 WL 6253151 at *3 (D.Nev. Dec. 2, 2011) (denying Rule 12(b)(6) motion where plaintiff alleged sufficient facts to "plausibly infer" that he was similarly situated with proposed

collective action class members, and leaving further factual scrutiny to the conditional certification phase); Sanchez v. Haltz Constr., Inc., No. 09 C 7531, 2012 WL 13514 at *4 (N.D.Ill. Jan. 4, 2012) (same); Colson v. Avnet, Inc., 687 F.Supp.2d 914, 919 n. 1 (D.Ariz.2010) (stating that defendant's argument that plaintiff had not pleaded facts sufficient to show that she was similarly situated to the members of her proposed FLSA opt-in class was "more appropriate for resolution in a Motion for Collective Action Notification, rather than a Motion to Dismiss relying on Twombly and Iqbal "); Hughes v. Getronics Wang LLC, No. 07 Civ. 10356, 2008 WL 2778885, at *1 (S.D.N.Y. July 8, 2008) (same).

## CONCLUSION

For all of the foregoing reasons, the Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6) is DENIED.

SO ORDERED.

Dated:   Brooklyn, New York
         December 29, 2017

                                                          /s/
                                                    I. Leo Glasser